# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CRIMINAL NO. 00-30176-WDS ) |
| ALONZO SUGGS, | ) ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on limited remand from the United States Court of Appeals for the Seventh Circuit for a determination by this Court as to whether the Court's Order of July 7, 2008, (Doc. 47 in *Suggs v. United States,* 04-730-WDS) improperly granted defendant an extension of time to file a notice of appeal, and whether the Court should or could grant that motion pursuant to the provisions of Fed. R. App. P. 4(b)(4).

The background to this case is relatively simple, yet leads to a complex situation with respect to the appeal in this case. This Court, after a successful appeal by the defendant of his sentence on habeas review, *see Suggs v. United States,* 513 F.3d 675 (7th Cir. 2008), re-sentenced the defendant to a term of 240 months on Count 1, which is to run concurrently with the sentence previously imposed on Count 2.[1] That ruling was entered in the civil habeas action 04-730, and an amended judgment and commitment order was entered in the criminal matter, 00-30176, both on April 14, 2008. It is the appeal in the criminal action which is the matter for which the Court received the limited remand order of August 26, 2008. *United States v. Suggs*, 08-2769, slip op.

---
[1]The fine, special assessment and term of supervised release previously imposed on Count 1 remained unaffected by the resentencing. See, details in Order at Doc. 45, *Suggs v. United States,* 04-730-WDS.

(7th Cir. 2008).

Defendant filed a motion for extension of time to file his notice of appeal on June 6, 2008, (Doc. 46 in Cause No. 04-730). That motion was, unfortunately, filed only in the civil matter, not in the criminal action to which the amended sentence most critically applied. First of all, the Court notes that the motion for extension of time, although filed in this Court on June 6, 2008, is dated May 13, 2008. Under the holding in *Ingram v. Jones,* 507 F.3d. 640 (7th Cir. 2007) the "prisoner mailbox rule" provides that the notice of appeal "deemed filed on the date the prisoner deposits the notice in the prison mail system, and not on the date when it is received by the clerk of the court." *Id.* at 643. Therefore, the Court will construe the motion for extension of time to have been filed on May 13, 2008. But that does not end the inquiry, because the motion for extension of time was filed only in the civil matter, not in the criminal matter, and, it was filed on the 29th day. It is clear from the language of Fed. R. App. P. 4(b)(4) that the defendant could have sought an extension of *up to* 30 days to file his notice of appeal in the criminal matter. But, again, he sought that extension in the civil matter.

Initially, Rule 4(b) provides that a defendant's notice of appeal from a criminal judgment must be filed in the district court "within 10 days after the later of (i) the entry of either the judgment or the order being appealed. . ." However, Appellate Rule 4(b)(4) provides:

> (4) **Motion for Extension of Time.** Upon a finding of excusable neglect, or good cause, the district court may–before or after the time has expired, with or without motion and notice–extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Therefore, under Rule 4(b)(4), a district court may extend the time for filing a notice of appeal up to 30 days upon a showing of "excusable neglect or good cause." In determining whether this showing has been made this Court is to consider the entire context, including the reason for and

2

the length and impact of the delay, the danger of prejudice to the nonmoving party, and whether the party responsible for the delay acted in good faith. *See Marquez v. Mineta,* 424 F.3d 539, 541 (7th Cir. 2005). Rule 26(b)(1) adds that a district court lacks power to extend the time for a notice of appeal, except to the extent provided in Rule 4. *United States v. Hirsch*, 207 F.3d 928, 930 (7th Cir. 2000).

Initially, the Court notes that the motion for extension of time claims that habeas appellate counsel for the defendant first informed defendant about the entry of the amended sentence by letter dated May 1, 2008. The defendant asserts that he received that letter on May 13, 2008, the date he filed the motion for extension of time to file the notice of appeal. Clearly, this situation, the delay in information from appellate counsel, amounted to good cause, which would entitle him to that extension. And, although the Court's Order granted the defendant additional time to file his notice of appeal, that grant of relief was in the civil habeas action, not in the criminal case.

To comply with the provisions of App. R. 4(b)(1) the defendant should have filed his notice of appeal by May 14, 2008, which was 30 days after the entry of the amended Judgment and Commitment Order which occurred on April 14, 2008. The Court's ability to extend the time to appeal in the criminal action runs *only* for an additional 30 days. However, since the defendant is acting pro se, the Court **FINDS** that the "unique circumstances doctrine" should apply in this instance. Under that doctrine, the Court is to treat some steps in the process as if they had been done on time, but that is limited to only those circumstances "when a court expressly assures counsel or a litigant that a step has been taken correctly." *Hirsch*, 207 F.3d at 930. In this case, the Court should have: (1) construed the motion for an extension of time as a notice of appeal in the criminal case; (2) found that there was excusable neglect for both the late

filing *and* for the fact that the defendant erroneously filed the motion in the civil, not the criminal matter; and (3) further found that, under the prisoner mailbox rule, that it was timely filed.

Accordingly, the Court, *sua sponte*, and upon a finding of good cause, **GRANTS** defendant additional time to file his notice of appeal from the Court's Order of April 14, 2008, up to and including May 14, 2008; **CONSTRUES** the motion for an extension of time (Doc. 46 in Cause No. 04-730) to be a notice of appeal in this criminal case, and **DIRECTS** the Clerk of the Court to file that motion in this case; **FINDS** that the prisoner mailbox rule applies in this matter, and therefore, the motion for extension of time, construed as a notice of appeal, is **DEEMED** filed as of May 13, 2008; and accordingly, **FURTHER FINDS** defendant's notice of appeal from the amended judgment of this Court dated April 14, 2008 (Doc 183) was timely filed.

**IT IS SO ORDERED.**

**DATED:  September 24, 2008.**

s/  WILLIAM D. STIEHL
**DISTRICT JUDGE**